**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| GABRIEL CRUZ, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT SCI ALBION, et al., | : | No. 25-2296 |
| Respondents. | : | |
| | : | |

**AND NOW,** this 26th day of June, 2026, upon independent consideration of Petitioner Gabriel Cruz's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DI 1), and the District Attorney's Motion to Stay (DI 16), and any responses and replies thereto, and after review of the Report and Recommendation of United States Magistrate Judge Pamela A. Carlos, it is hereby **ORDERED** that:

1.      The Report and Recommendation is **APPROVED** and **ADOPTED;**

2.      The Motion to Stay (DI 16) is **DENIED as moot**.

3.      The Petition for Writ of Habeas Corpus (DI 1) is **DISMISSED.**

4.      There is no basis to issue a certificate of appealability.

5.      The Clerk of Court shall mark this case **CLOSED.**

6.      Where a habeas petition has been referred to the magistrate for a report and recommendation, the district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [and] receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636 (b)(1)(C).  A district court may decline to review a magistrate judge's report and recommendation when neither party has filed a timely objection.  *See Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to

dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied*, 484 U.S. 837 (1987). When no timely objection is made within fourteen days after being served with the magistrate's report and recommendation, the district court need only review the report and recommendations for plain error or manifest injustice. *See Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998; Fed. R. Civ. P. 72, 1983 Advisory Committee Notes, Subdivision (b). An error is "plain" if it is clear or obvious. *U.S. v. Olano*, 507 U.S. 725, 734 (1993).

7.      Magistrate Judge Carlos provided Mr. Cruz with 14 days to file an objection to the report and recommendation. DI 17 at 6. Mr. Cruz has not done so.

8.      Magistrate Judge Carlos's report and recommendation advises that the instant habeas petition is moot. *Id.* at 5. As the report explains, Mr. Cruz was convicted of attempted murder and filed the instant petition challenging the legality of his sentence in May 2025. *Id.* at 4. After the filing of Mr. Cruz's petition, the victim of the attempted murder died of his injuries. *Id.* As a result, Mr. Cruz entered a negotiated guilty plea for third-degree murder, and his prior sentence was vacated in light of the superseding charge. *Id.* at 5. Because "Mr. Cruz is no longer in custody pursuant to the sentence challenged in his habeas petition," his petition moot. *Id.*

9.      Because we agree with Judge Carlos's Report and Recommendation in its entirety, we adopt it in full.

_____
**MURPHY, J.**